UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY,<br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL J. CHAIKEN, MARA J. CHAIKEN, and CESAR VALENZUELA,[1]<br><br>　　　　Defendants. | No. 19 C 7579<br><br>Judge Sara L. Ellis |

**OPINION AND ORDER**

Cesar Valenzuela filed a tort action in state court against Defendants Paul and Mara Chaiken (the "Chaikens") for injuries sustained in a slip-and-fall incident on their property. The Chaikens tendered their defense in that action to their insurer, Plaintiff Cambridge Mutual Fire Insurance ("Cambridge"), and Cambridge subsequently filed an action in this Court claiming that it does not have a duty to defend the Chaikens in that action. Cambridge now moves for a declaratory judgement in its favor. Because the Chaikens' insurance policy with Cambridge did not cover the relevant property at the time that Valenzuela sustained injuries, the Court grants Cambridge's motion and concludes that Cambridge has no duty to defend the Chaikens.

**BACKGROUND[2]**

On July 13, 2018, Valenzuela fell into an unmarked hole while delivering building materials to the Chaikens' property, located at 30 Lakewood Place in Highland Park, Illinois (the

---

[1] Cesar Valenzuela is the plaintiff in a separate action against Paul and Mara Chaiken, and the Court dismissed him from this action on January 23, 2020. Doc. 25.

[2] In resolving Cambridge's motion for judgment on the pleadings, the Court considers Cambridge's complaint, the Chaikens' answer, and the exhibits attached to those pleadings. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998).

1

"Highland Park property"). The Chaikens purchased the Highland Park property in 2017, and they were remodeling it while residing at their property located at 1005 Oxford Road, Deerfield, Illinois 60015 (the "Deerfield property"). They began to reside at the Highland Park property in August 2018. Following the incident, Valenzuela filed a tort action in Illinois state court for damages against the Chaikens and the construction company remodeling the property. The Chaikens then tendered their defense to Cambridge and sought indemnification for the damages awarded Valenzuela. Cambridge accepted that tender subject to reservations.

The Chaikens had a home insurance policy with Cambridge. The policy, in pertinent part, provides as follows:

> SECTION II – LIABILITY COVERAGES
>
> A.    Coverage E – Personal Liability
>
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured;" and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

Doc. 3 at 34. The policy also included an exclusion that states this coverage "do[es] not apply to 'bodily injury' or 'property damage'. . . [a]rising out of a premises" owned by an insured that is not an "insured location." *Id.* at 34–35. The policy defines an "insured location" in relevant part as:

> a.    The "residence premises";

        b.        The part of other premises, other structures and grounds used by you as a residence and;

                (1)        Which is shown in the Declarations; or

                (2)        Which is acquired by you during the policy period for your use as a residence.

*Id.* at 23. The policy defines "residence premises" as: (a) "The one family dwelling, other structures, and grounds;" or (b) "That part of any other building; where you reside and which is shown as the "residence premises" in the Declarations." *Id.* The Declaration provides that "the premises covered by this policy is located at" 1005 Oxford Road, Deerfield, Illinois. *Id.* at 1. The policy was effective from April 11, 2018 to April 11, 2019. However, the Chaikens cancelled the policy effective August 15, 2018—a month after Valenzuela's incident—for the Highland Park property.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the complaint and answer have been filed. Fed. R. Civ. P. 12(c). When the movant seeks to "dispose of the case on the basis of the underlying substantive merits . . . the appropriate standard is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). The pleadings include the complaint, answer, and documents attached as exhibits to the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452–53. The Court should grant a motion for judgment on the pleadings if "no genuine issues of material fact remain

to be resolved" and the movant "is entitled to judgment as a matter of law." *Alexander*, 994 F.2d at 336.

## ANALYSIS

In support of its motion, Cambridge argues that it does not have a duty to defend the Chaikens because the Highland Park property was not an insured location on the date that Valenzuela sustained injuries. Specifically, the policy unambiguously covered the dwelling in which the Chaikens resided and because they resided at the Deerfield property on the date of the incident, there is no duty to defend a claim involving the Highland Park property. In response, the Chaikens argue that the date of the incident is not relevant; instead, there is coverage under the policy, because they moved to the Highland Park property and used it as a residence after the incident yet during the policy period.

The Court looks to Illinois substantive law to determine whether the insurance policy provides coverage. *See Netherlands Ins. Co. v. Phusion Projects, Inc.*, 737 F.3d 1174, 1177 (7th Cir. 2013). The Illinois Supreme Court has instructed that in order to determine whether an insurer has a duty to defend the insured, a court must look to the allegations in the complaint to evaluate whether the facts therein could potentially fall within policy coverage; if so, the insurer must defend the insured "even if the allegations are groundless, false, or fraudulent." *Id.* at 1178 (quoting *Northbrook Prop. and Cas. Co. v. Transp. Joint Agreement*, 194 Ill. 2d 96, 98 (2000)). "An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Id.* (quoting *Northbrook*, 194 Ill. 2d at 98). Because the Chaikens' home insurance policy is a contract, the Court interprets it according to the general rules of contract interpretation. *See Hobbs v. Hartford Ins. Co. of the Midwest*,

214 Ill. 2d 11, 17 (2005). The Court's primary objective is to "ascertain and give effect to the intention of the parties, as expressed in the policy language." *Id.* If the policy's language is unambiguous, courts apply the policy as written, unless it contravenes public policy. *Id.* If language in a policy is subject to more than one reasonable interpretation, it is ambiguous. *See id.* Courts construe ambiguous terms strictly against the drafter and in favor of coverage. *Outboard Maine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 118 (1992). And although parties may suggest "creative possibilities," the Court will only consider reasonable interpretations and "will not strain to find an ambiguity where none exists." *Hobbs*, 214 Ill. 2d at 17.

Under the terms of the policy, Cambridge does not have a duty to defend a suit that seeks damages for bodily injuries that occurred at premises that the insured owned but was not an "insured location." Doc. 23 at 34–35. In other words, if the Highland Park property was not an "insured location," there is no duty to defend. *See Am. Bankers Ins. Co. of Fla. v. SFC Enters. LLC*, No. 18 C 4495, 2020 WL 777248, at *3 (N.D. Ill. Feb. 18, 2020) (no duty to defend where injuries occurred off the insured premises); *State Farm Fire & Cas. Co. v. Mann*, 172 Ill. App. 3d 86, 93 (1988) (no duty to defend because accident occurred off the insured premises); *see also AMCO Ins. Co. v. Rohr*, No. 08-540-GMP, 2009 WL 1956475, at *2–3 (S.D. Ill. July 8, 2009) (interpreting insurance contract under Illinois law and finding no duty to defend because the accident did not occur at "insured location"); *Heritage Ins. Co. v. Bucaro*, 101 Ill. App. 3d 919, 923 (1981) (policy only provided coverage for accidents that occurred on the actual insured premises).

Under the Chaikens' policy, an insured location is defined as: (a) "the residence premises" or (b) "the part of other premises, other structures and grounds used by you as a residence and: (1) [w]hich is shown in the Declarations; or (2) [w]hich is acquired by you during

5

the policy period for your use as a residence." Doc. 3 at 23. The Declaration lists the residence premises as the Deerfield property, thus, the Highland Park property must satisfy the second definition to qualify as an "insured location." *Id.* at 1, 23. The parties agree that the Chaikens began to reside at the Highland Park property in August 2018, which was within the effective policy period. Therefore, the Highland Park property appears to qualify as an "insured location" because the Chaikens both used the premises as a residence and acquired it during the policy period for such use. But this is not the end of the inquiry. Cambridge contends that coverage is unavailable because the accident occurred on the Highland Park property before the Chaikens began to reside there and it therefore was not an "insured location" on the date of the accident. Thus, the Court must evaluate the significance of the date of the accident in determining whether a premises is an insured location.

The Court first turns to the terms of the insurance policy. Under the policy, Cambridge will provide a defense if a suit is brought against an insured for damages because of bodily injury "caused by an 'occurrence' to which this coverage applies." *Id.* at 34. And the policy defines "occurrence" as "an accident . . . which results, during the policy period, in: a. 'Bodily injury'; or b. 'Property damage.'" *Id.* at 23. The policy further provides that "[i]n case of an accident or 'occurrence,' the 'insured' will" give written notice that sets forth "[r]easonably available information on the time, place and circumstances of the accident or 'occurrence'." *Id.* at 38. Taken together, these terms indicate that the policy provides insurance against injuries sustained in certain accidents. That is, coverage stems from a specific accident, thus, the date and location of the accident affect the availability of coverage. Here, Valenzuela sustained injuries on the Highland Park property before the Chaikens began residing there. Therefore, the Highland Park property was not an "insured location" on the date of the accident, and there is no coverage

6

available. Illinois case law supports this conclusion. In evaluating whether an insurance company has a duty to defend, Illinois courts consistently look to the date of an accident to assess the availability of coverage. *See Allstate Prop. & Cas. Ins. Co. v. Mahoney*, 2011 IL App (2d) 101279, ¶¶ 15, 16 (insured was driving the motor vehicle at the time of the accident, thus, the motor vehicle exclusion to the homeowners' insurance policy applied and there was no coverage); *State Farm Fire & Cas. Co. v. Martinez*, 384 Ill. App. 3d 494, 500 (2008) (no coverage under the homeowners' insurance policy because the insured were not residents of the property at the time of the incident); *Auto-Owners Ins. Co. v. Stubban*, 371 Ill. App. 3d 513, 514, 516 (2007) (homeowners' insurance policy provision providing coverage if the insured did not own the recreational vehicle was inapplicable because at the time of the accident, the insured owned the vehicle at issue, even though after the accident it became clear that the vehicle was stolen); *Allstate Ins. Co. v. Stewart*, 158 Ill. App. 3d 129, 134 (1987) (looking to where the insured was at the time of the accident to determine whether the premises qualified as "insured premises"). Other courts have also concluded that coverage turns on the status of property at the time of the accident. *See, e.g.*, *Arrowood Indem. Co. v. King*, 304 Conn. 179, 188 (2012) (personal liability provision "plainly provides insurance against the consequences of certain accidents, and it is the ATV's location *at the time of such an accident* that therefore determines whether coverage applies" (emphasis added)).

      The Chaikens suggest that the policy's definition of "insured location" is ambiguous because it does not specify that the relevant date for coverage is the date of the occurrence. The Chaikens cite no case law in support of this argument. As discussed, the policy unambiguously demonstrates the relevance of the date of an occurrence in determining coverage, and courts consistently look at the date of an occurrence alongside the location to determine coverage.

7

Overall, the Highland Park property was not an "insured location" on the date that Valenzuela sustained injuries there. Although the Highland Park property may qualify as an "insured location" in August 2018 when the Chaikens began to reside there, that is not relevant to determining coverage for an incident that occurred approximately a month earlier. Therefore, Cambridge has no duty to defend the Chaikens.

## CONCLUSION

For the foregoing reasons, the Court grants Cambridge's motion for judgement on the pleadings [27]. The Court enters judgment in favor of Cambridge and issues a declaratory judgment that Cambridge has no duty to defend the Chaikens in the underlying action.


Dated: September 14, 2020

_____
SARA L. ELLIS
United States District Judge